UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

JOHN L. BOWDEN,

                        Plaintiff,                    13 Civ. 717 (JGK)

            - against -                               MEMORANDUM OPINION
                                                      AND ORDER
WARDEN DUFFY, ET AL.,

                        Defendants.
————————————————————————————————

JOHN G. KOELTL, District Judge:

        Pro se Plaintiff John Bowden brings this action pursuant to

42 U.S.C. § 1983 against Defendants the City of New York, Warden

Edmund Duffy, Captains Santapaola, Smith, and Wynn, and

Correction Officers ("COs") Camacho and O'res.  Bowden alleges

that his First, Fourth, Eighth, and Fourteenth Amendment rights

have been violated as a result of discriminatory harassment from

correction officers and their failure to protect him from other

inmates.  In a Memorandum Opinion and Order dated January 29,

2014 and filed on January 30, 2014, the Court granted the

defendants' motion to dismiss the Complaint and dismissed the

plaintiff's claims without prejudice and with leave to replead.

See Bowden v. Duffy, No. 13cv717, 2014 WL 338786, at *5

(S.D.N.Y. Jan. 30, 2014).  On February 26, 2014, the plaintiff

filed an Amended Complaint, which the defendants now move to

dismiss.  In support of the present motion, the defendants have

relied exclusively on the papers they filed in support of the

prior motion to dismiss. The defendants argue that the Amended Complaint fails to remedy the deficiencies in the original Complaint and should therefore be dismissed for precisely the reasons applicable to the original Complaint.

While it is plain that the Amended Complaint contains certain claims that have been improperly pleaded, other claims in the new Complaint appear to have been pleaded with enough specificity to survive the defendants' motion. For example, the plaintiff alleges that on or around December 1, 2014, another inmate attempted to pressure the plaintiff into performing a sexual act; that on or about December 4, 2014, the plaintiff informed Defendant Santapaola about this incident and requested to be moved to a different housing area; that Defendant Santapaola took no action on this request; and that on or about December 8, 2014, the inmate punched the plaintiff in the face and forced him to perform a sexual act. (See Am. Compl. at 6.) The plaintiff also alleges that Defendant Camacho provoked other inmates to harass and abuse the plaintiff; that on at least one occasion another inmate assaulted the plaintiff in the presence of Defendant Camacho; that in spite of witnessing this assault, Defendant Camacho took no action to protect the plaintiff; and that further physical abuses by other inmates continued after this incident. (See Am. Compl. at 3-4.) These allegations set

forth plausible claims that certain defendants knew of and disregarded a substantial risk of serious harm to the plaintiff. See Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 620-21 (2d Cir. 1996); Randle v. Alexander, 960 F. Supp. 2d 457, 471, 473-74 (S.D.N.Y. 2013).

In light of the fact that some of the plaintiff's claims have merit, the plaintiff should indicate to the Court whether he seeks to have the Court request that pro bono counsel be appointed to represent him in this case.  See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989) (setting forth factors relevant to determining whether pro bono counsel should be appointed in a civil case).  The plaintiff may do so by filling out the attached Application for the Court to Request Pro Bono Counsel.  Pro bono counsel may be able to assist the plaintiff in drafting a new complaint and in prosecuting this action.  However, even if the Court grants the plaintiff's request, there is no guarantee that an attorney will volunteer to represent the plaintiff.

In order to allow the plaintiff to indicate whether he seeks the appointment of counsel, the case is **stayed for forty-five days**.  If the plaintiff indicates that he seeks the appointment of counsel, the Court will grant the plaintiff leave to file a new amended complaint.  The defendants' motion to

dismiss is **denied without prejudice** to possible renewal after

the plaintiff has indicated whether he seeks the appointment of

counsel.

**SO ORDERED.**

**Dated:    New York, New York
          July 24, 2014            _____/s/_____
                                       John G. Koeltl
                                   United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s) )

____CV_____ (____) (____)

Application for the Court to
Request Pro Bono Counsel

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1.  Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

    ☐   I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

    ☐   I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

    ☐   I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2.  Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

_____

_____

_____

_____

_____

_____

Rev 3/27/14

3.  Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

_____

_____

_____

_____

_____

4.  If you need an attorney who speaks a language other than English, state what language(s) you speak: _____.

5.  I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6.  I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7.  I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

| | |
|---|---|
| Date | Signature |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |

| | | | |
|---|---|---|---|
| Address | City | State | Zip Code |

| | |
|---|---|
| Telephone Number | E-mail Address (if available) |

2